# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| TERRANCE DAVENPORT, | : | |
| Petitioner | : | |
| VS. | : | |
| Judge BILL REINHARDT, | : | NO. 7:11-CV-24 (HL) |
| Respondent | : | |
| | : | **O R D E R** |

Petitioner **TERRANCE DAVENPORT** has submitted a "Petition for a Writ of Mandamus." Solely for purposes of this Court's dismissing petitioner's complaint, leave to proceed *in forma pauperis* is hereby granted.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-

56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

## II. DISCUSSION

Petitioner asks this Court for a writ of mandamus directing Judge Bill Reinhardt to award petitioner "the 66 days he spent in confinement awaiting a revocation hearing." Petitioner states that O.C.G.A. § 17-10-11 commands that he be given credit for the time he served in county jail.

Under 28 U.S.C. § 1361, this Court may issue a writ of mandamus only to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Brown v. Lewis*, 361 Fed. Appx. 51 (11th Cir. 2010). This Court has no power to issue a writ of mandamus to "direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275-76 (5th Cir.1973).

Petitioner's remedy is to seek relief directly from the Georgia Department of Corrections ("GDOC"). If necessary thereafter, he may file a mandamus or injunction action against the Commissioner of the GDOC in the applicable **Georgia superior court**. *See Edwards v. State*, 383 Ga. App. 305, 306, 641 S.E.2d 193 (2007). The final decision may then be appealed to the Georgia Supreme Court. After completing these steps, petitioner may then file a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court.

## III. CONCLUSION

Based on the foregoing, petitioner's mandamus petition should be **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 23rd day of February, 2011.

<u>*s/ Hugh Lawson*</u>
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr